IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOSHUA PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. |
| | ) |
| CITY OF HANCEVILLE, ALABAMA, | ) |
| KYLE DUNCAN, JOSH HOWELL, | ) |
| and LOWELL ADAM HADDER, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff Joshua Phillips complains of defendants, stating as follows:

## Parties

1. Joshua Phillips is of legal age and a U.S. citizen. He resides in Hanceville, Alabama.

2. Defendant the City of Hanceville, Alabama is a municipality organized and existing under the laws of the state of Alabama.

3. Defendant Kyle Duncan was employed by the City of Hanceville as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama. He is sued in his official and individual capacity.

1

4. Defendant Josh Howell was employed by the City of Hanceville as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama. He is sued in his official and individual capacity.

5. Defendant Lowell Adam Hadder was employed by the City of Hanceville as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama. He is sued in his official and individual capacity.

## Facts

6. On or about September 8, 2020, Plaintiff Phillips told Officer Howell that "sir, I do not have a problem with you."

7. Defendant Howell stated that "yes you do, do something about it and I am not in uniform" with aggression and slams his door at the gas station called Dales in Hanceville, Alabama not on official police duties.

8. Plaintiff Phillips opens the door to the store to ask Officer Duncan to write him a report because he felt threatened by Defendant Howell.

9. After asking Defendant Duncan stated, "I am not writing you shit."

10. Phillips said that "ok, I will go see your boss." Phillips drove to the Hanceville Police Department to ask for a report to be made for an officer threatening him. However, the dispatcher called for some officers, and Duncan and Howell show up. Now, Howell is wearing his badge and gun with no uniform. Duncan told Phillips to "fucking leave, nobody likes you!!!"

11. Plaintiff Phillips ask them again at the Hanceville Police Department to write up a report that he felt threaten by Defendant Duncan.

12. However, both officers (Duncan and Howell) stated that the Plaintiff did not have a valid complaint. Defendant Howell stated that he needed to get out of the Hanceville Police Department, or he would arrest the Phillips for disorderly conduct. You do not know the Constitution. You do not know your rights.

13. Defendant Howell continue to say that he will snatch him out of the Hanceville Police Department if he does not leave. Howell was very vulgar with his words and verbally assaulting the Plaintiff.

14. Phillips told them that he would like a job application.

15. Defendant Howell now began to be more aggressive going beyond telling Phillips that he would f**king snatch him out to now pushing Phillips in the back forcefully telling him to get out or else.

16. Phillips told him that I have a bad back that it has broken before that you do not have the rights to touch me. Please do not touch me.

17. Phillips said I have not done anything wrong.

18. At this point, Defendant Howell and Defendant Duncan put the Plaintiff in a choke hold pulling him to the ground very aggressively and forcefully grabbing his neck and on top of his back.

19. Now, Defendant Howell and Defendant Duncan stated that they are arresting the Plaintiff for resisting arrest.

20. Again, the Plaintiff stated that I have not done anything wrong. Is this what people go through. This is what people be talking about. This is how it works. Get off of my back. You are hurting me.

21. You do not have the right to throw me to the ground. Please Stop. Stop. I am not resisting nothing. Your arms are around my neck. Let go of my neck. You are hurting me.

22. These officers, Howell and Duncan, shoved the plaintiff back and forward then choked slammed the Plaintiff, Phillips, to the

ground. Jumping on his back, assaulting him with slamming his face to the ground with their knees in his groin while one of the officers was holding his neck with his arm.

23. The officers yelling at Phillips as he is limpless while he is saying that he is not resisting and help me as other officers watch such as Officer Isabell plus the Magistrate. This was embarrassing and degrading to the Plaintiff. He came to the Hanceville Police Department to make a report on the very same individual that was assaulting him in front of other witnesses. The Plaintiff back and neck was hurting very badly as he yelled real loud that he needed MEDICAL HELP, STOP.

24. Once the officers had the handcuffs on Phillips, they continued to push him until he was in the cell.

25. The officers charged Phillips with resisting arrest and disorderly conduct.

26. After sitting in the jail cell, Officer Howell tried to bribe Phillips with some boots. Telling Phillips take the charge then I will give them to you. He took him to the bathroom to tell him this for 45 minutes trying to coerce him.

27. Phillips sent over fourteen (14) hours in jail. Around 2 p.m., Phillips was taken for finger printing. Phillips stated that "this is not

right" in front of Officer Garrison, Officer Ponders, and Deputy Chief Hadder.

28.  Deputy Chief Hadder heard the Plaintiff, Phillips, say that "this is not right" then he gets up in the plaintiff face screaming, spitting dip in his face/eyes, and backing him into the wall.  Defendant Hadder verbally and physically assaulted Phillips in front of the bail bondsman who witness Deputy Chief Hadder dragging the Plaintiff by the neck into his cell.

29.  Phillips stayed in the cell until 7 p.m. Defendant Hadder when he comes to get the Plaintiff from his cell; he tells him that "we both can be assholes together, you do not belong in here with these fools."

30.  Plaintiff then stated, "then why am I here?"

31.  Plaintiff came to the Hanceville Police Department as a concern citizen of the community.  He has the right as an American citizen to make a police report.  However, he was treated like a criminal. The Plaintiff did not find out his charges until after his release.

32.  While locked up in jail since the early part of the morning until late evening around 7 p.m.; the officers answered his phone, searched through his wallet, and used his keys to search his car.

6

33. Plaintiff only wanted to tell Officer Howell that he did not have a problem with him due to a roadblock incident that led to a misunderstanding but Officer Howell stated, "yes you do; do something about it." As he says these things out of uniform at the Dales Gas Station this particular morning, he was stepping with aggression as he slams his door. This started this whole ordeal that the Plaintiff has been physically and emotionally scarred by this for the rest of his life. Plaintiff still have neck injuries and cannot be there for his family to help support them financially.

34. Two weeks prior to the arrest, Plaintiff spoke with Mayor Kenneth Nail and Councilman John Stam of the City of Hanceville about the aggression of the officers at the roadblock. Plaintiff told them that this was not Constitutionally correct; this is not how the law is supposed to work. They both disregarded his concerns as a citizen of the City of Hanceville, citizen of Cullman County, citizen of Alabama, and citizen of the United States of America.

35. Plaintiff and wife were disappointed after leaving the meeting with the Mayor and Councilman. The police officers are supposed to protect and make the community safe instead of abusing their power. Plaintiff never had a record until that day.

36. Plaintiff has been a member of the Hanceville community for over 20 years. This has really changed his life for the worst.

37. Plaintiff tried to file a complaint for the charges; even filed a complaint with the State of Alabama Ethics Commission.

38. The City refused to investigate the incident in which Phillips was charged with Disorderly Conduct and Resisting Arrest. Both charges were dismissed.

39. None of the officers were disciplined for their actions to the Plaintiff. Defendant Howell has been promoted to a higher position since this incident.

40. All of the complaints to the city were ignored.

41. The City regularly receives complaints from citizens regarding officer misconduct in violation of constitutional rights and regularly ignores them, just as it did with Phillip's complaints.

42. Specifically, the City regularly receives complaints concerning officers who, as Duncan, Howell, and Chief Deputy Hadder did here, react with unjustifiable violence and false charges when a citizen speaks up or otherwise asserts his rights as an American citizen.

43. Common charges used by officers are obstructing governmental operations, disorderly conduct, and resisting arrest.

44. It is well known in the Hanceville legal community that Decatur officers frequently use these charges, commonly referred to as POP (piss off police) charges, without a legal basis.

45. It is well known to experienced police officers and to City policymakers that officers, without proper training and supervision regarding the limits of their authority, are likely to violate the constitutional rules.

46. Nevertheless, City policymakers, with deliberate indifference, failed to take steps to insure officers were trained and supervised regarding the constitutional limits of officers' authority in these areas.

47. In particular, officers were not trained regarding the limited circumstances in which it is appropriate to charge persons with disorderly conduct and other charges that are subject to abuse by officers.

48. Prior to this incident, City policymakers were aware of numerous incidents in which citizens were subjected to unconstitutional stops, searches, arrests, and uses of force but took no action to investigate and discipline officers.

49. This very case presents a prime example, as it was only the City pretended to investigate the matter.

50. The City's policymakers did not criticize the assault of Phillips or arrest of Philips by Officer Duncan and Officer Howell. The officers seized and searched Phillip's phone and made phone calls to people within the phone. The City did not address the assault from Chief Deputy Hadder.

51. The City's failure to take any action against these officers are consistent with and reflective of a pre-existing policy and custom of tolerance for constitutional violations by officers, including illegal seizures, illegal searches, false arrests, and excessive force.

52. Prior to the violations of Phillip's rights, the City permitted, encouraged, and ratified a pattern and practice of misconduct in that the City:

    a. failed to discipline or prosecute or in any manner deal with known incidents of misconduct; and

    b. refused to investigate complaints of misconduct, and, instead, officially claimed such incidents were justified and proper.

53. City policymakers were aware of prior incidents through use of force reports (which are approved through the chain of command), through reports from the City attorney's office (which prosecutes the

false charges used by officers in City court), complaints from citizens, reports from officers, and through other sources.

54. Through long-established practice, the City's policymakers established a custom or policy that incidents of possible, likely, or known misconduct are not investigated with the foreseeable result that officers believe they can get away with violating citizens' rights.

55. In fact, instead of reviewing incidents of possible, likely, or known misconduct, such incidents are routinely approved through the chain of command.

56. Because use of force reports and internal investigations are not a matter of public record, the number of excessive force and other incidents sanctioned by the City is not known.

57. The foregoing acts, omissions, and systemic failures and deficiencies are policies and customs of the City and caused officers to believe that constitutional violations would be tolerated and that complaints would not be honestly or properly investigated, with the foreseeable result that officers would violate the constitutional rights of Phillips and other similarly-situated citizens.

**Count I - 42 U.S.C. § 1983 - Illegal Search & Seizure / False Arrest (Duncan, Howell, & City)**

58. On or about September 8, 2020, Duncan and Howell, acting under color of law within the meaning of 42 U.S.C. § 1983, searched and seized Phillips without reasonable suspicion or probable cause, thereby depriving Phillips of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, Duncan and Howell violated Penn's right to be free from unlawful search and seizure.

59. Duncan and Howell acted with malice or reckless indifference to Penn's constitutional rights.

60. As explained above, Duncan and Howell acted was pursuant to a policy or custom of the City.

61. As a result of the conduct of defendants, Phillips has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

**Count II - 42 U.S.C. § 1983 - Excessive Force (Duncan, Howell, Hadder & City)**

62. On or about September 8, 2020, Duncan, Howell and Hadder, acting under color of law within the meaning of 42 U.S.C. §

1983, assaulted and battered Phillips, thereby depriving Phillips of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, he violated Phillips's right to be free from excessive force.

63. Duncan, Howell, and Hadder acted with malice or reckless indifference to Penn's constitutional rights.

64. As explained above, Duncan, Howell, and Hadder acted was pursuant to a policy or custom of the City.

65. As a result of the conduct of defendants, Phillips has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

### Count III - 42 U.S.C. § 1983 - Illegal Seizure / False Arrest
### (Duncan, Howell, Hadder, & City)

66. On or about September 8, 2020, Duncan, Howell, and Hadder acting under color of law within the meaning of 42 U.S.C. § 1983, assaulted and seized Phillips without reasonable suspicion or probable cause, in retaliation for Phillips's exercise of his First Amendment rights (his statement that he was going to file a complaint) thereby depriving Phillips of his rights under the First Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983.

67. Duncan, Howell, and Hadder acted with malice or reckless indifference to Phillips's constitutional rights.

68. As explained above, Duncan, Howell, and Hadder acted was pursuant to a policy or custom of the City.

69. As a result of the conduct of defendants, Phillips has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

## Other Matters

70. All conditions precedent to the bringing of this suit have occurred.

## Relief Sought

72. As relief, plaintiff seeks the following:

   a. That he be awarded such compensatory damages as a jury shall determine from the evidence he is entitled to recover;

   b. That he be awarded against the individual defendants only such punitive damages as a jury shall determine from the evidence he is entitled to recover;

    a.    That he be awarded prejudgment and post-judgment interest at the highest rates allowed by law;

    b.    That he be awarded the costs of this action, his reasonable attorney's fees, and his reasonable expert witness fees;

e. That he be awarded such other and further relief to which he is justly entitled.

                Respectfully submitted,

Date: 08/07/2022                */s/ Dr. Roderick Van Daniel, Esquire*
Dr. Roderick Van Daniel, Esquire
Attorney for the Defendant
No. ASB-9105-164X
The Roderick Van Daniel Law Firm, LLC
3003 13th Avenue South; Suite 19
roddaniel205@gmail.com
Birmingham, Alabama 35205
(205) 317 – 9321

## Jury Demand

Plaintiff requests a trial by jury.

                */s/ Dr. Roderick Van Daniel, Esquire*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served upon the following counsel of record on the 7th of August, 2022, via the AlaFile electronic filing system, email, USPS, CM/EMF, and etc.

Date: 08/07/2022  */s/ Dr. Roderick Van Daniel, Esquire*
Dr. Roderick Van Daniel, Esquire
Attorney for the Defendant
No. ASB-9105-164X
The Roderick Van Daniel Law Firm, LLC
3003 13th Avenue South; Suite 19
roddaniel205@gmail.com
Birmingham, Alabama 35205
(205) 317 – 9321